# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**SAMMIE L THOMAS, JR.**  **PETITIONER**
*ADC #122555*

**V.**          **CASE NO. 4:20-cv-01079-BSM-JTK**

**DEXTER PAYNE**
*Director, ADC*          **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before

1

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court

Eastern District of Arkansas

600 West Capitol Avenue, Suite A149

Little Rock, AR 72201-3325

## I.    Introduction

On September 10, 2020, Petitioner Sammie L Thomas Jr. filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus based on two underlying state cases, 23CR-16-832 and 23CR-16-834. *Doc.* 1. On November 3, 2020, Thomas requested that this Court hold this case in abeyance while he exhausted state remedies. *Doc.* 14. Based on that motion, this Court ordered Thomas "to show cause why his petition should not be dismissed without prejudice and his motion for stay denied due to a failure to fully exhaust his state court remedies," and it indefinitely extended Respondent Payne's response deadline. *Doc.* 16. Thomas then notified the Court he realized he had "to treat [his] two cases separately" for purposes of habeas review, but he only had pending state postconviction relief in 23CR-16-834. *Doc.* 29 at 1. After a few extensions, Thomas has now submitted a motion to voluntarily dismiss his case. *Doc.* 32. He seeks dismissal because his "primary concern is with errors in 23CR-16-834. Because 23CR-16-834 is still active in the Arkansas Supreme Court, the petitioner request[s] that this action be dismissed." *Doc.* 32 at 1.

### II.     Voluntary Dismissal

Rule 41(a) of the Federal Rules of Civil Procedure applies to Thomas's request to voluntarily dismiss his habeas petition. *See Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996) (rejecting argument that Fed. R. Civ. P. 41(a)(1) should not be applied to habeas proceedings under § 2254). "Rule 41(a)(2)'s purpose is primarily to prevent voluntary dismissals which unfairly affect the other side." *Adams v. USAA Casualty Ins. Co.*, 863 F.3d 1069, 1079 (8th Cir. 2017) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)). "Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci*, 826 F.2d at 782. In determining whether to grant a motion for voluntary dismissal, the Court should consider: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir.1998) (citing *Paulucci*, 826 F.2d at 783).

As to factors one and four, Payne may have started preparing his response and gathering the requested documentation, but this Court ultimately did not require him to submit a response. Considering the second factor, this case has been active for nine months, but most of the delay was due to Thomas's transfer between prisons and the resulting loss of some legal paperwork. The third factor favors Thomas since the need to exhaust state postconviction relief first is a sufficient explanation for taking this dismissal. Taken together, the factors weigh in favor of granting voluntary dismissal.

Thus, this Court recommends Thomas's motion be granted and this case be dismissed without prejudice to his ability to refile once he has exhausted his state remedies.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT

1. Thomas's Motion for Stay, *Doc.* 14, be DENIED as moot; and

2. Thomas's Motion to Dismiss, *Doc.* 32, be GRANTED and this case dismissed WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(a)(2).

SO RECOMMENDED this 10th day of June, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE